UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | |
|---|---|
| LARRY JOE LITTLE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:19-CV-005-CHB |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION AND** |
| ANDREW SAUL,[1] COMMISSIONER OF ) | **ORDER** |
| SSA, ) | |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Larry Joe Little filed this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the Commissioner of Social Security's ("Commissioner") decision to deny his claim for Supplemental Security Income ("SSI"). [R. 1]  The Court, having reviewed the record and the parties' dispositive motions, and for the reasons set forth herein, will AFFIRM the Commissioner's decision, DENY Mr. Little's Motion for Summary Judgment, and GRANT the Commissioner's Motion for Summary Judgement.

**I.     Background**

On May 2, 2012, Mr. Little applied for SSI, alleging disability beginning January 1, 2005 due to several conditions including low back pain, high blood pressure, anxiety, difficulty breathing, and leg pain. [A.R. p. 211]  Mr. Little later amended his onset date to May 2, 2012 (the date of his SSI application filing). [*Id.* at pp. 14; 207]  On August 12, 2013, Administrative Law Judge ("ALJ") Jerry Meade conducted an administrative hearing. [*Id.* at pp. 32–49]  On September 10, 2013, ALJ Meade ruled that Mr. Little was not entitled to SSI. [*Id.* at pp. 14–26]

---

[1] Andrew Saul was sworn in as Commissioner of Social Security on June 17, 2019, during the pendency of this action. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner Saul is automatically substituted as a party.

Plaintiff sought review of the ALJ's decision by instituting an action in federal court, and the Court reversed the decision of the Commissioner and remanded the matter for further proceedings. [*Id.* at pp. 679–83] The Court explained that the ALJ erred by failing to give adequate reasons for discounting the opinion of Mr. Little's treating physician, Dr. Bradley Moore. [*Id.* at pp. 681–82] On remand, ALJ Meade conducted a second hearing on November 16, 2017 [*id.* at pp. 632–50] and issued another decision finding Mr. Little not disabled [*id.* at pp. 590–606]. This decision became the final decision of the Commissioner on November 8, 2018 when the Appeals Council denied Plaintiff's request for review. [*Id.* at pp. 552–53]

Plaintiff filed the instant action on January 11, 2019, seeking review of the ALJ's decision. [R. 1] The matter has culminated in cross-motions for summary judgment, which are now ripe for adjudication. [R. 16; R. 18]

## II. Standard of Review

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *Colvin v. Barnhart*, 475 F.3d 727, 729–30 (6th Cir. 2007) (citation omitted). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted). Courts are not to conduct a de novo review, resolve conflicts in the evidence, or make credibility determinations. *Id.* (citations omitted). Rather, the Court must "affirm the Commissioner's conclusions unless the Commissioner failed to apply the correct legal standard or made findings of fact that are unsupported by substantial evidence." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (citation omitted). If supported by substantial evidence, the Commissioner's

findings must be affirmed, even if there is evidence favoring Plaintiff's side. *Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988). In other words,

> [t]he findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion . . . This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.

*McClanahan*, 474 F.3d at 833 (quoting *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001)).

To determine disability, the ALJ conducts a five-step analysis pursuant to 20 C.F.R. § 416.920.

1. First, plaintiff must demonstrate that [he] is not currently engaged in "substantial gainful activity" at the time [he] seeks disability benefits.

2. Second, plaintiff must show that [he] suffers from a "severe impairment" in order to warrant a finding of disability. . . .

3. Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience.

4. Fourth, if the plaintiff's impairment does not prevent [him] from doing [his] past relevant work, plaintiff is not disabled.

5. For the fifth and final step, even if the plaintiff's impairment does prevent [him] from doing [his] past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Colvin*, 475 F.3d at 730 (internal citations omitted).[2] The burden of proof rests with the claimant on steps one through four. *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994). At the last step, the burden of proof shifts to the Commissioner to identify "jobs in the economy that accommodate [Plaintiff's] residual functional capacity." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). An individual's residual functional capacity

---

[2] Although *Colvin* involved claims for both SSI and Disability Insurance Benefits ("DIB"), the regulations governing the evaluation of disability for SSI (found at 20 C.F.R. § 416.920) and DIB (found at 20 C.F.R. § 404.1520) are identical for purposes of the five-step analysis. *See, e.g.*, *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003) (noting the "parallel" regulations governing DIB and SSI claims); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990) (referencing both regulations in reciting the five-step sequential process).

("RFC") is the most a claimant can still do despite his limitations. *See* 20 C.F.R. § 416.945(a)(1) (2020). If the ALJ makes a dispositive finding at any point in the five-step analysis, the review terminates. *Colvin*, 475 F.3d at 730; 20 C.F.R. § 416.920(a)(4) (2020).

### III. Discussion

The ALJ made several findings in the required sequence. He first determined that Mr. Little had not engaged in substantial gainful activity since May 2, 2012 (the alleged onset date). [A.R. p. 592] He next determined that Plaintiff had the severe impairments of osteoarthritis, degenerative disc disease, chronic obstructive pulmonary disease, generalized anxiety disorder with panic attacks, depression, and chronic benzodiazepine dependence. [*Id.* at p. 593] The ALJ then found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 416.920(d), 416.925, 416.926). [*Id.*]

The ALJ concluded at step four that Plaintiff could perform "a limited range of medium work." [*Id.* at p. 595] Specifically, he can

> frequently climb ladders, ropes, or scaffolds. He can frequently stoop, kneel, crouch, and crawl. He must avoid concentrated exposure to irritants such as fumes, odors, dust, gases, and poorly ventilated areas. The claimant can understand, remember, and carry out simple instructions. He can have only occasional changes in the work setting. He can have no interaction with the public. He can occasionally interact with co-workers and supervisors.[3]

[*Id.*] The ALJ also determined that Mr. Little is unable to perform any past relevant work. [*Id.* at p. 604]

---

[3] The ALJ's 2013 decision contained greater functional limitations and limited Mr. Little to "light work." [*Id.* at p. 19] However, the ALJ explained in his 2018 decision that "new and material evidence justifie[d] a different set of functional limitations." [*Id.* at p. 600] The ALJ noted that over the preceding four years, Mr. Little's back pain had been well controlled with medication management and that his back pain had only been aggravated by falling down steps and lifting items weighing in excess of fifty pounds—specifically, a lawn mower and his mother. [*Id.* at p. 601]

At step five, the ALJ determined that there are jobs that exist in significant numbers in the national economy which Plaintiff can perform considering his age, education, work experience, and RFC. [*Id.* at p. 605] Based on the testimony of a vocational expert, the ALJ concluded that Plaintiff was capable of performing the jobs of a store laborer, sorter, and assembler. [*Id.*] The vocational expert identified these jobs based on a hypothetical which mirrored the ALJ's RFC. [*Id.*] Accordingly, the ALJ concluded that Plaintiff was not disabled under the Social Security Act since May 2, 2012, the amended alleged onset date of disability. [*Id.* at p. 606]

Plaintiff argues that the denial of his claim is invalid because ALJ Meade was not properly appointed as set forth under the Appointments Clause of the United States Constitution. [R. 16] Further, Plaintiff argues that the ALJ's decision lacks substantial evidence because it (1) references the opinion of Dr. Laura Hazeltine (whose Kentucky medical license has been suspended) [R. 16-1 p. 2], (2) fails to accord Dr. Bradley Moore's medical opinion and assessment any probative weight [*id.*], and (3) discounts Dr. Leigh Ann Ford's assessment of Plaintiff's mental limitations [*id.* at p. 3]. As a result, Plaintiff argues that the ALJ should have found him disabled at step four.

### A. The Plaintiff Forfeited His Appointments Clause Challenge.

Plaintiff's first argument is that at the time of the agency adjudications, ALJ Meade was not a properly appointed administrative law judge under the Appointments Clause of the Constitution. In support, Plaintiff cites *Lucia v. Sec. and Exch. Comm'n*, 138 S. Ct. 2044 (2018), a Supreme Court case that considered the constitutional appointment of a Securities and Exchange Commission ("SEC") ALJ. But even if *Lucia* extends to Social Security Administration ALJs, the Supreme Court made clear that the plaintiff must make a "*timely*

challenge to the constitutional validity of the appointment of an officer who adjudicates his case." *Id.* at 2055 (emphasis added). Plaintiff did not present his Appointments Clause challenge at any point in the administrative process; instead, he raised it for the first time in this Court. *Compare Lucia*, 138 S. Ct. at 2050 (plaintiff raised the Appointments Clause issue on appeal to the SEC). The Sixth Circuit has found that failure to raise a claim at the administrative level generally forfeits the ability to raise the issue in federal court. *See Maple v. Apfel*, 14 F. App'x 525, 537 (6th Cir. 2001); *Luukkonen v. Comm'r of Soc. Sec.,* 653 F. App'x 393, 405 (6th Cir. 2016); *Maloney v. Comm'r of Soc. Sec.*, 480 F. App'x 804, 810 (6th Cir. 2012). Because Plaintiff failed to raise the Appointment Clause issue at any point in the administrative process, he has forfeited this untimely argument. *See NLRB v. RELCO Locomotives, Inc.*, 734 F.3d 764, 798 (8th Cir. 2013).

Plaintiff further relies on *Jones Brothers v. Sec'y of Labor*, 898 F.3d 669 (6th Cir. 2018) as a broad application of *Lucia*. In *Jones Brothers*, the Sixth Circuit found that a Mine Commission ALJ was not properly appointed and vacated and remanded the judgment. *Id.* at 672. The Court acknowledged that by not raising the Appointments Clause issue at the administrative level, the plaintiff forfeited the argument. *Id.* at 677. However, the plaintiff at least identified the issue and the existence of a split of authorities to the Mine Commission. *Id.* at 673, 678. The Sixth Circuit concluded that this approach—identifying the Appointments Clause issue but not pressing the argument—was "a reasonable statement from a petitioner who wishes to alert the Commission of a constitutional issue but is unsure (quite understandably) just what the Commission can do about it." *Id.* at 678. Here, Plaintiff did not raise the issue at any point in the administrative process, thus not preserving it for argument at a later stage.

Furthermore, district courts within the Sixth Circuit have consistently found that a plaintiff who fails to raise the Appointments Clause issue before the administrative agency has waived or forfeited the right to raise the issue in federal court. *See, e.g.*, *Killion v. Saul*, No. 7:18-CV-027-JMH, 2019 WL 4645569, at *3–*4 (E.D. Ky. Sept. 24, 2019); *Goins v. Saul*, No. 19-CV-117-DLB, 2020 WL 1290784, at *10 (E.D. Ky. Mar. 18, 2020); *Mullins v. Berryhill*, No. 7:18-CV-002-JMH, 2019 WL 1339588, at *3 (E.D. Ky. Mar. 25, 2019).  For example, in *Honeycutt v. Comm'r of Soc. Sec.*, the plaintiff relied on *Lucia* in arguing that the ALJ was improperly appointed within the meaning of the Appointments Clause. No. 3:18-CV-509-CRS-CHL, 2020 U.S. Dist. LEXIS 51022, at *27 (W.D. Ky. Feb. 18, 2020), *report and recommendation adopted*, 2020 U.S. Dist. LEXIS 49164 (W.D. Ky. Mar. 20, 2020).  The plaintiff, however, did not raise this issue before either the ALJ or the Appeals Council. *Id.* at *23.  The Court ruled that Honeycutt waived her Appointments Clause argument by failing to timely raise the issue at the administrative level. *Id.* at *27.  The Court reasoned that the weight of authority was against the plaintiff's position, and the plaintiff was unable to point to any binding authority in the Sixth Circuit to the contrary. *Id.* at *26–*27 (citing *Fitzgerald v. Berryhill*, No. 1:17-CV-144-GNS-LLK, 2019 WL 1125666, at *4 (W.D. Ky. Mar. 12, 2019); *Blackburn v. Berryhill*, 368 F. Supp. 3d 1110, 1111 (E.D. Ky. 2018) (other citations omitted)).  Thus, while the Sixth Circuit has not provided guidance on this specific issue,[4] the Court finds the reasoning of these district court cases persuasive.  Plaintiff has forfeited his Appointments Clause argument by failing to raise it in a timely manner in the administrative process.

---

[4] It appears that only the Third Circuit, which found that claimants did not have to raise the Appointments Clause issue before the agency, has addressed this issue in the social security context. *See Cirko on behalf of Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148, 152 (3d Cir. 2020). *But see Honeycutt*, 2020 U.S. Dist. LEXIS 49164, at *13–*14 (declining to follow *Cirko* as non-binding authority against the "vast majority" of district courts that have considered the issue).

B.     **The ALJ's Decision is Supported by Substantial Evidence.**

The ALJ's consideration of the record, including the opinion evidence of various medical sources, constitutes substantial evidence supporting his determination that Plaintiff should be denied SSI.

First, Plaintiff argues that the ALJ improperly referenced the 2006 consultative examination report of Dr. Hazeltine, whose medical license was suspended "as early as 2012." [R. 16-1 p. 2]  However, the ALJ specifically gave Dr. Hazeltine's opinion "little weight" because it was over eleven years old and failed to account for the claimant's functioning during the relevant time period. [A.R. p. 601]  In addition, although the state agency physician (Dr. Amanda Lange) listed Dr. Hazeltine's report as being in the record [*id.* at p. 76], Dr. Lange did not cite that report in support of her August 2012 assessment of Mr. Little. [*Id.* at pp. 77–86]  Thus, the suspension of Dr. Hazeltine's medical license six years after her consultative examination report (which the ALJ accorded only "little weight") does not render the ALJ's decision unsupported by substantial evidence.

Second, Plaintiff argues that the ALJ erred by according only "little weight" to Dr. Moore's medical opinion and assessment. [R. 16-1 p. 2]  Plaintiff cites the Court's 2016 order, which concluded that ALJ Meade failed to give adequate reasons for discounting this treating physician's opinion. [*Id.*]  The Court recognized the rule that an ALJ must give the opinion of a treating source controlling weight if he finds the opinion "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(c)(2).  The ALJ must give "good reasons" for the weight given to a treating source's opinion. *Id.*  Put differently, the opinion of a treating source should be accorded "controlling weight absent (1) sufficiently specific reasons for

discounting it and (2) a precise explanation of how those reasons lead to that conclusion." *Shields v. Comm'r of Soc. Sec.*, 732 F. App'x 430, 438 (6th Cir. 2018) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 (6th Cir. 2007)).

Consistent with the Court's 2016 order, the ALJ explained in detail why Dr. Moore's July 2013 opinion was not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and was inconsistent "with the other substantial evidence in [the] record." [A.R. p. 601 (citing 20 C.F.R. § 416.927(c)(2))]. The ALJ gave Dr. Moore's opinion little weight after discussing each of the six factors outlined in 20 C.F.R. § 416.927(c). [*Id.* at pp. 601–03] *See Kidd v. Comm'r of Soc. Sec.*, 283 F. App'x 336, 340 (6th Cir. 2008) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) ("When citing 'good reasons,' the ALJ should consider certain factors . . . 'namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source[.]'")). The ALJ followed this procedural requirement by considering each factor in depth.

First, the ALJ reported that Dr. Moore has been the claimant's treating physician since December 2009, with appointments approximately once every two to three months. [*Id.* at 601–02] Second, the ALJ noted that Dr. Moore's treatment relationship with Plaintiff consisted of routine physical examinations, prescription refills, and referrals for diagnostic testing. [*Id.* at p. 602] Third, the ALJ found that Dr. Moore failed to cite any medical signs or laboratory findings to support the limitations in his July 2013 opinion—instead, he circled and checked boxes on a form. [*Id.*] Fourth, the ALJ concluded that Dr. Moore's opinion was inconsistent with the objective evidence of record. [*Id.*] For example, while Dr. Moore opined that the claimant could never balance, treatment notes "consistently show the claimant's gait was normal and stable."

[*Id.*]  Fifth, the ALJ recognized that Dr. Moore is a family practice physician—not a specialist—entitling his opinion to less weight than if he were a specialist in the relevant fields of neurology, orthopedics, internal medicine, or psychiatry. [*Id.* at p. 603]  Sixth, the ALJ found that no other considerations would weigh in favor of Dr. Moore's opinion. [*Id.*]

Plaintiff argues that the ALJ failed to provide "good reasons" for not giving Dr. Moore's opinion controlling weight. [R. 16-1 p. 8 (citing 20 C.F.R. § 416.927(c)(2))]  However, ALJ Meade devoted two pages discussing each factor and identifying specific evidence undermining Dr. Moore's opinion. [A.R. pp. 601–03] *Compare Wilson*, 378 F.3d at 545 (finding that the ALJ's "bald statement" and "summary dismissal" of a treating physician's opinion failed to meet the requirement that the ALJ give good reasons for not giving weight to a treating physician). The ALJ explained that even though Dr. Moore was Plaintiff's long-term treatment provider, the other factors weighed against assigning Dr. Moore's opinion more than little weight. [*Id.*] *See Hargett v. Comm'r of Soc. Sec.*, No. 19-3718, 2020 WL 3833072, at *4 (6th Cir. July 8, 2020) (noting that the ALJ must determine what weight to give the opinion "by balancing a host of factors").  Plaintiff's arguments to the contrary are merely a request to reweigh the evidence, which the Court may not do. *Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990).

Finally, the Plaintiff challenges the ALJ's determination that the opinion of one-time consultative examiner Dr. Ford should be given little weight because she did not define what "marked limitations" meant. [R. 16-1 p. 8]  However, only the 2013 ALJ decision (not the current 2018 decision) discounted Dr. Ford's psychological assessment on that basis. [A.R. pp. 23–24]  Plaintiff does not challenge the reasons the ALJ gave for discounting Dr. Ford's opinion in his 2018 decision, which included that (1) it was inconsistent with the overall evidence of

record, which Dr. Ford did not have the opportunity to review, (2) it was over five years old, and (3) it failed to account for the claimant's functioning during the entire relevant time period.[5] [*Id.* at p. 603] Plaintiff's remaining arguments that the ALJ should have "found serious limitations which disabled the Plaintiff from a mental standpoint" [R. 16-1 p. 8] ask the Court to resolve conflicts in the evidence, which the substantial evidence standard does not allow. *Cutlip*, 25 F.3d at 286.

In sum, the ALJ's decision states the weight given to each source and gives the reasoning for the weight afforded. The ALJ reviewed the record as a whole and weighed the credibility of the opinions against the evidence in the record. As a result, the ALJ relied on substantial evidence in denying Plaintiff's claim.

## IV. Conclusion

Because the decision of the Commissioner was made pursuant to proper legal standards and supported by substantial evidence,

**IT IS HEREBY ORDERED** as follows:

1. The decision of the Commissioner is **AFFIRMED**.

2. Plaintiff's Motion for Summary Judgment [**R. 16**] is **DENIED**.

3. Defendant's Motion for Summary Judgment [**R. 18**] is **GRANTED**.

4. A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This the 13th day of July, 2020.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

---

[5] The ALJ instead gave great weight to the mental assessment of the state agency psychological consultant (Dr. Christi Bruening) from August 2012 because it was "consistent with the record as a whole." [*Id.*]